## Morrow Manufacturing Company v. First National Bank of Pikeville et al.

(Decided March 22, 1932.)

TURNER & CREAL and A. J. MAY for appellant.

J. J. MOORE and HARMAN, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Affirming.

On April 24, 1922, the Elkhornseam Collieries Company executed to Charles W. Freeman a mortgage on its entire property in Pike county, Ky., to secure an indebtedness of $30,000. In the spring of 1923 the coal company decided to install a larger and more modern tipple to replace the one then in use. On May 14, 1923, the appellant, Morrow Manufacturing Company, submitted to the coal company a proposal and specifications for certain material to be used in the construction of the tipple. In this "proposal and specifications" it was stated, "The title and ownership of the property called for and furnished under the terms of this contract shall remain in the Morrow Manufacturing Company until the full and final payment therefor in cash shall have been made according to the terms agreed upon." On May 19, 1923, the coal company indorsed on these specifications this statement: "Accepted May 19, 1923. Elkhornseam Collieries Company, Chas. W. Conner, Pres." In the fall of that year the materials called for by this "proposal and specifications" were designed, fabricated, and furnished by the appellant to the coal company, which used them in the erection of the tipple which was partly constructed of timber procured locally or from some sources other than appellant, and partly of the materials furnished by the appellant, all making a complete tipple, part wood and part steel, and all anchored and built together and forming a unit in the coal-mining operations. After the tipple had been thus erected, the coal company on April 23, 1924, through its president, Mr. Conner, undertook to acknowledge before Charles L.

Trumbull who claimed to be a notary public, but concerning the authority of whom to act as such there is a dispute in the record, the instrument hereinbefore referred to as "proposal and specifications," and which had been accepted on May 19, 1923, as hereinbefore set out.

On September 16, 1924, a receiver was appointed for the coal company and the litigation growing out of that receivership found its way to this court in two cases styled Freeman v. Craft, 220 Ky. 15, 294 S. W. 822, and Crump & Field v. First National Bank, 229 Ky. 527, 17 S. W. (2d) 436, 68 A. L. R. 872. The result of this litigation was the sale under order of court of all of the properties of the coal company on June 1, 1925. The sale was confirmed on November 16, 1925, and a deed to the property was made to the appellee Wesley Corporation as the transferee of the bid of the purchaser at the sale. The questions raised by the present appeal are whether or not appellant may reclaim from the Wesley Corporation the material, which it furnished and which went into the erection of the tipple, and, if not, whether the balance of the proceeds of the sale after the payment of certain prior claims concerning which there is no dispute in this record shall go to the first mortgagee Charles W. Freeman, or so much thereof as may be necessary shall first be applied to the payment of the claim of the appellant for the material furnished by it which went into the erection of the tipple. The lower court found against the appellant on both of these questions, and, from its judgment so decreeing, this appeal is prosecuted.

Although there is some dispute in the proof as to whether or not the material furnished by the appellant had become so incorporated in the tipple as erected that it could not be removed without material hurt or injury to it, the overwhelming weight of that proof, as the chancellor necessarily so found, is to the effect that such material could not be removed without damaging the tipple and without greatly depreciating the value of it, and that it had been so affixed in connection with the other material to the realty as to become a permanent fixture permanently attached to the freehold, and so a part of it. Conceding solely for the purpose of the decision of this case that the proposal and specifications, accepted as they were and containing the reservation of title they did, could before the passage of our Uniform Sales Act (Ky. Stats., Sec. 2651b-1 et seq.) be considered under our decisions as a chattel mortgage, we must yet

remember that they were not acknowledged or recorded until after all the material had been erected and become part of the freehold. · This being true, the case is on all fours with that of Morrow Manufacturing Co. v. Race Creek Coal Co., 222 Ky. 807, 2 S. W. (2d) 662. It was there held that where, under a conditional sales contract exactly similar to the one here involved, a coal-shaking screen was installed for a coal company, all of whose property had theretofore been mortgaged, the screen being so installed as to become part of the freehold, the mortgage lien was prior to any lien created by the sales contract. It is impossible to distinguish the two cases, and, under the authority of the Race Creek Coal Co. case, the judgment in this case must be, and it is hereby, affirmed.